UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andre Johnson, | ) | Case No.: 1: 14 CV 1419 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| State of Ohio, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

**Introduction/Background**

Plaintiff Andre Johnson, a state prisoner proceeding *pro se*, filed this action against the State of Ohio, Marisa Cornachio, Esq., and Eugene A. Lucci. Plaintiff purports to assert federal civil rights and fraud claims against the defendants based on the Uniform Commercial Code ("UCC") in connection with a criminal case brought against him in Lake County, Ohio in 2007. *See State v. Johnson*, 07 CR 000516 (Lake County Court of Common Pleas). In the state criminal case, the plaintiff pled guilty to unlawful sexual conduct with a minor, for which he was sentenced to 8 years in prison and required to register as a sexual predator. Defendant Eugene A. Lucci was the judge in the criminal case. Although the plaintiff does not specifically identify Defendant Marisa Cornachio, the Lake County Common Pleas docket indicates she was an attorney in the case. The plaintiff's allegations are not clear, but the crux of his complaint (set out in multiple, lengthy,

rambling, and virtually incomprehensible briefs) is that he is entitled to monetary damages and release from incarceration as "a secured party creditor." For example, he alleges in his complaint:

> THE DEFENDANTS here in [sic] have misused the property of the Secured Party Creditor, by using the Legal fiction straw man as a Third Party to bring the Secured Party Creditor into the commercial markets. Since the misuse of the so called property, a person became Secured Party, to protect one's self from corporation, organizations, Agencies of State and federal. So do to the lack of investigation of commercial criminal case #07CR000516, where it was completely no DNA evidence, it show that every thing that is stated in the fraud of the CQV Trust-& the Proof of Remedy br[ie]fs is proven facts. The commercial case #07CR000516 is based on nothing but presumption (fraud). The in closed defendants here in [sic] represents and speaks for the state of Ohio, which is a sub division of the UNITED STATES INC. which is a corporation! Therefore the STATE OF OHIO is bound to any monetary damages for injuries as so stipulated. This exclusive remedy is based on and shows false arrest, misapplication of the statu[t]e, malicious prosecution, conspiracy, unlawful incarceration and fraud, so therefore the defendant in this Tort Claim are contractually bound, and the fee of the Notice by written communication/Security Agreement Per Day each occurrence of violation plus cost $1,000,000.00 (one million dollars per day each occurrence of violation).
>
> The Common Law Copyright Notice states for unauthorized use the fee is $500,000.00 dollars (five hundred thousand) per trade-name/trade mark in any form. Since the 1933 Bankruptcy, gold confiscation and declared State of Emergency, a[n] individual is legally entitled to an unlimited credit line. Also as a Secured Creditor I also would like my unlimited Credit Line.
>
> <u>All</u> claims (case #07CR000516 and Post Release control) must be dismissed and all said fees (and unlimited credit line) must be placed in the jurisdiction of said SECURED PARTY CREDITOR Andre Johnson! Also secured party creditor must be released from the incarceration/confinement of the commercia[l] criminal case #07CR000516.

(Complt., Doc. No. 1 at 13-14.)

For the reasons stated below, this action is dismissed upon initial screening pursuant to 28 U.S.C. 1915(e).

## Standard of Review

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a *"pro*

*se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the lenient treatment generally accorded to *pro se* litigants has limits," and a *pro se* plaintiff is not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Rather, a district court is required to dismiss an *in forma pauperis* action "at any time" under 28 U.S.C. §1915(e) if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief can be granted. A complaint is frivolous and warrants dismissal when a claim "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id*. at 327–28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir.1990). A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

**Analysis**

This Court must dismiss the plaintiff's action pursuant to 28 U.S.C. 1915(e). The plaintiff's complaint fails to state any cognizable claim. The plaintiff is attempting – through the civil clams he purports to allege – to collaterally attack his state criminal conviction and sentence. The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), however, that a plaintiff may not recover civil damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, where the plaintiff is unable to prove that the underlying conviction or sentence has been reversed on direct

3

appeal; expunged by executive order; declared invalid by a state tribunal authorized to make such determination; or called into question by a federal court's issuance of a writ of habeas corpus. The plaintiff purports to allege claims here that if successful would impugn the validity of his state criminal conviction and sentence, but he simply cannot demonstrate that his criminal conviction or sentence has been invalidated in any of the ways articulated by the Supreme Court in *Heck*. Indeed, the plaintiff pled guilty to the count of unlawful sexual conduct for which he was convicted and sentenced, and the Ohio Court of Appeals *affirmed* the plaintiff's sentence on appeal. *See State of Ohio v. Johnson*, No. 2008-L-015, 2008 WL 4216533 (Ohio App. 11th Dist. Sept. 12, 2008. In addition, two subsequent petitions for *habeas corpus* relief brought by the plaintiff pursuant 28 U.S.C. § 2254 have been denied. *See Johnson v. Tibbals*, No. 1: 12 CV 2609, 2013 WL 1003416 (N.D. Ohio Mar. 12, 2013); *Johnson v. Marquis*, 1: 14 CV 00067 (N.D. Ohio). The plaintiff, accordingly, fails to state any viable civil claim upon which relief may be granted on the basis of *Heck*.

In addition, the plaintiff's claims – which purport to seek the plaintiff's release from prison and recovery of monetary damages on the basis that the plaintiff is a "a secured party creditor" – lack any viable legal basis and are patently frivolous. *See, e.g., Johnson v. Tibbals*, 2013 WL 1003416 at \*6 (holding the plaintiff's claims not cognizable in the context of a *habeas* petition because the UCC governs only commercial transactions and "is wholly . . . inapplicable to criminal proceedings"); *Chandler v. Curtis*, No. 05-cv-72608, 2005 WL 1640083, at \*2 (E.D. Mich. July 13, 2005) ("provisions of the U.C.C. are inapplicable to criminal proceedings"). The plaintiff, simply, has no viable legal claim that he is a secured party creditor under the UCC or is entitled to the relief he seeks under *any* theory of commercial law.

**Conclusion**

For all of the reasons stated above, the plaintiff's complaint is frivolous and fails to state a claim on which relief may be granted and is summarily dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 7, 2015